# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **STORIANNE TIPTON,** | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 6:11-cv-06023-SI ) |
| **NEWS-REVIEW PUBLISHING CO.,** | )  MEMORANDUM OPINION ) |
| Defendant. | ) ) ) |

David A. Schuck
Stephanie J. Brown
512 –F NE 81st Street, #313
Vancouver, WA  98665

    Of Attorneys for Plaintiff

Michael T. Garone
SCHWABE, WILLIAMSON & WYATT, P.C.
1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR  97204

Timothy J. Long
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497

    Of Attorneys for Defendant

MEMORANDUM OPINION – Page 1

**SIMON, District Judge.**

Plaintiff, Storianne Tipton, worked for Defendant, News-Review Publishing Co., from March 2008 until Defendant terminated Plaintiff's employment in December 2009. Plaintiff alleges that from March 1, 2009, to October 9, 2009, she regularly worked more than 40 hours per week, including work performed during evenings and weekends, and that she was not paid overtime wages for the hours that she worked in excess of 40 hours per week. Plaintiff further alleges that her supervisors at the News-Review knew that Plaintiff worked unpaid overtime and instructed her to not record on her time cards any hours that she worked in excess of 40 per week. According to Plaintiff's Witness List (Dkt. 50), Plaintiff will testify about, among other things, "the instructions she was given [by her supervisors] to refrain from recording all her hours worked."

Defendant denies Plaintiff's allegations and maintains that from March 1, 2009 to October 9, 2009, Plaintiff generally did not even work 40 hours per week, let alone more than 40. Defendant further states that, to the extent that Plaintiff may have worked more than 40 hours in any week during this period of time, no supervisor knew that Plaintiff was doing so and no supervisor ever instructed Plaintiff not to record her overtime hours or otherwise alter her time cards. According to Defendant's Witness List (Dkt. 57), Defendant's employees who formerly supervised Plaintiff, Jonathan Patrick Bridges and Kathy Bates, "will testify that at no point did [they] tell Plaintiff not to record all hours worked or to make any changes to Plaintiff's time cards."

Plaintiff has not presented any documentation directly supporting her allegation that her former supervisors instructed her not to record overtime hours. Similarly, Defendant has not

presented any documentation directly supporting Defendant's position that no such instructions were ever given. Instead, the conflicting testimony presents a classic "she said/he said" dispute. Accordingly, one of the critical issues in the upcoming trial will be the credibility of the witnesses, which is for the jury to determine.

Plaintiff has moved *in limine* for an order excluding any evidence that in May 2001, Plaintiff was convicted in Oregon state court, following a plea of no contest,[1] of the misdemeanor offense of initiating a false report in violation of Or. Rev. Stat. § 162.375. As set forth in that statute: "A person commits the crime of initiating a false report if the person *knowingly* initiates a false alarm or report which is transmitted to a fire department, law enforcement agency or other organization that deals with emergencies involving danger to life or property." Or. Rev. Stat. § 162.375(1) (emphasis added). The parties have thoroughly briefed Plaintiff's motion *in limine* and Defendant's opposition. *See* Dkts. 53, 60, 80, 81, and 82.

The issue before the Court concerns the admissibility, for impeachment purposes only, of Plaintiff's 2001 misdemeanor conviction for initiating a false report. This issue is analyzed under Rule 609(a)(2), Rule 609(b), and Rule 403 of the Federal Rules of Evidence ("FRE").

When a party seeks to attack a witness's character for truthfulness by evidence of a criminal conviction, the crime must either: be a felony, FRE 609(a)(1); or, if not a felony, be a misdemeanor where "the court can readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement." FRE 609(a)(2). Plaintiff's

---

[1] The fact that Plaintiff's conviction was as a result of a no contest plea rather than a guilty plea or a trial verdict is of no consequence for the purpose of impeachment by prior conviction. *Brewer v. City of Napa,* 210 F.3d 1093, 1095-1096 (9th Cir. 2000); *United States v. Williams,* 642 F.2d 136, 140 (5th Cir. 1981).

MEMORANDUM OPINION – Page 3

misdemeanor conviction for initiating a false statement satisfies FRE 609(a)(2) because the elements of the crime for which Plaintiff was convicted include knowingly initiating a false report to a law enforcement agency. Or. Rev. Stat. § 162.375(1). *See also United States v. Lester,* 749 F.2d 1288, 1300 (9th Cir. 1984) (holding that it was error, albeit harmless, to exclude a witness's misdemeanor conviction for filing a false police report). FRE 609, however, requires an additional finding by the Court "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." FRE 609(b).

In approximately May 2001, Plaintiff was placed on probation as a result of her conviction. Accordingly, more than 10 years have passed since Plaintiff's 2001 conviction. Under FRE 609(b), evidence of a conviction that is more than 10 years old is admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." FRE 609(b). No party disputes that the second requirement has been satisfied in this case. Thus, the inquiry is whether, under FRE 609(b)(1), the probative value of Plaintiff's 2001 misdemeanor conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. *See generally American Home Assur. Co. v. American President Lines, Ltd.,* 44 F3d 774, 778-779 (9th Cir. 1994).

Before turning to this analysis under FRE 609(b)(1), the Court observes that this is a more stringent test for admissibility than under FRE 403. Under FRE 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Thus, if the probative value of Plaintiff's 2001 misdemeanor conviction

MEMORANDUM OPINION – Page 4

substantially outweighs its prejudicial effect, thereby satisfying FRE 609(b)(1), then such evidence should not be excluded under FRE 403, which permits exclusion only where the probative value is substantially outweighed by the danger of unfair prejudice.

An Oregon State Police Incident Report, Dkt. 81-2, provides the specific facts and circumstances that underlie Plaintiff's 2001 misdemeanor conviction for filing a false report with a law enforcement agency. On November 30, 2000, Plaintiff, who appears to have been 20 years old at the time, reported to the Oregon State University police that her credit card was stolen from her campus mail box. She explained that she had recently opened an account with US Bank, applied for a credit card, had not received her credit card, but had received a billing statement from the credit card issuer for approximately $1,500 worth of merchandise charges. She added that as soon as she received the bill, she spoke with the credit card issuer and cancelled the credit card. Dkt. 81-2 at page 7. The police report describes additional false statements made by Plaintiff to campus law enforcement officers during their investigation over the next two weeks and the fact that several items of ordered merchandise were found in Plaintiff's possession. Dkt. 81-2 at pages 7-12.

Both Plaintiff and Defendant refer the Court to the case of *United States v. Pritchard,* 973 F.2d 905, 908-10 (11th Cir. 1992). In that case, the Eleventh Circuit found no abuse of discretion where the defendant was impeached by a 13-year-old burglary conviction because his credibility was a key issue. The Eleventh Circuit observed that, in that circuit, "there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions will be admitted very rarely and only in exceptional circumstances. The danger in admitting stale convictions is that while their remoteness limits their probative value, their

MEMORANDUM OPINION – Page 5

prejudicial effect remains." *United States v. Pritchard,* 973 F.2d at 908 (citations and quotation marks omitted).  The Eleventh Circuit then noted that the Sixth Circuit listed the following five factors to be considered when deciding whether to admit evidence under FRE 609(b):

>   1. The impeachment value of the prior crime;
>   2. The point in time of the conviction and the witness' subsequent history;
>   3. The similarity between the past crime and the charged crime;
>   4. The importance of the [witness's testimony];
>   5. The centrality of the credibility issue.

*Id.* at 908-909 (citing *United States v. Sloman,* 909 F.2d 176, 181 (6th Cir. 1990)).

I have applied these five factors to the present case.  First, there is significant impeachment value in the prior crime because Plaintiff's conviction was for making a false statement and that is more directly probative of credibility than the burglary conviction that was allowed in *Pritchard*.  Second, Plaintiff's conviction was only one year and several months outside of the 10-year time frame of presumptive admissibility.  *Cf. United States v. Brown,* 956 F.2d 782, 787 (8th Cir. 1992) (affirming conviction for drug offenses where 22-year-old burglary conviction was admitted, on the ground that credibility was a critical factor); *United States v. Thomas,* 914 F.2d 139, 143 (8th Cir. 1990) (admitting 17-year-old conviction for heroin possession where credibility was a critical factor).  With respect to Plaintiff's subsequent history after the 2001 conviction, the Court notes that plaintiff was convicted in June 2001 of misdemeanor shoplifting and again in October 2005 for misdemeanor shoplifting (although the 2005 conviction may have related to an incident in 2001).  Dkt. 60 at page 2 of 15.  The Court have already granted Plaintiff's motion *in limine* to exclude evidence of Plaintiff's misdemeanor convictions for shoplifting.  Dkt. 79.  *See also Clarett v. Roberts,* 657 F.3d 664, 669 and n.2 (7th Cir. 2011) (shoplifting is not a crime involving dishonesty or false statement).

MEMORANDUM OPINION – Page 6

Third, there is some similarity between the past crime of initiating a false statement to the police in an attempt to avoid paying for merchandise ordered by credit card and the issue in this civil case where Plaintiff is seeking to obtain money damages for alleged overtime worked and is claiming that Defendant instructed Plaintiff to falsify her time cards as her explanation for why the time cards that Plaintiff completed and submitted fail to show any uncompensated overtime. Both instances involve statements that are either false (in the case of the 2001 conviction) or allegedly false (at least according to Defendant) being used by Plaintiff for pecuniary gain. Fourth, Plaintiff's testimony is critical to explain why the time cards that she completed and submitted to Defendant fail to show any uncompensated overtime, even though she is claiming to have worked overtime. Fifth, in light of the lack of documentation showing whether Defendant did or did not instruct Plaintiff to leave overtime hours off of Plaintiff's time cards, witness credibility will be a central issue in this case.

For all of these reasons, if Plaintiff Storianne Tipton testifies as a witness at trial, Defendant may attack her credibility by eliciting on cross examination the fact that she was convicted in Oregon state court in 2001 of the misdemeanor crime of making a false statement to a law enforcement agency. Defendant may not, however, introduce documentary evidence relating to that conviction without further leave of the Court.

**IT IS SO ORDERED.**

DATED this 6th day of July, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

MEMORANDUM OPINION – Page 7